IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:25-CR-00137-CCW |
| v. | |
| JAMAR EVERETT, | |
| Defendant. | |

**OPINION AND ORDER**

Before the Court is Defendant Jamar Everett's Motion to Revoke Detention Order. *See* ECF No. 28. For the reasons that follow, Mr. Everett's Motion will be DENIED.

**I.   Background**

Mr. Everett is charged by indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One). ECF No. 17. At the time of his detention hearing, he was charged by criminal complaint with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 1.

Following a detention hearing held on May 13, 2025, Magistrate Judge Maureen P. Kelly issued a detention order. ECF No. 20. After considering the requisite factors, the Magistrate Judge found by clear and convincing evidence that there was no condition or combination of conditions of release that would reasonably assure the safety of any other person and the community if Mr. Everett was released on bond. ECF No. 20 at 3; Tr. 51:1–12.[1]

---

[1] The United States obtained the transcript of the detention hearing, and with agreement of counsel for both sides, the transcript was provided to the Court but is not filed on the docket. The Court has reviewed the transcript.

The Magistrate Judge reasoned that detention was appropriate because Mr. Everett has a very concerning criminal history that includes two prior felony firearm convictions despite his young age of 21, he committed the current offense while on probation, he has at least seven other other instances incurring new charges while on probation and parole, as well as multiple instances of fleeing the police, violating supervision, and having bench warrants issued. In addition, the magistrate Judge noted that the current offense involved a firearm, the weight of the evidence against Mr. Everett is strong, and the United States probation office recommends detention. 46:1–51:12. Although Mr. Everett has ties to the community, is a lifelong Pittsburgh resident, and is in good physical health, Magistrate Kelly did not find that these factors could ensure the safety of the community if he were released. *Id.* at 48:15–49:17.

Mr. Everett now moves this Court to revoke his detention order. ECF No. 28. As part of its *de novo* review, the Court has reviewed his Motion, ECF No. 28, the United States' response in opposition, ECF No. 38, and the transcript and exhibits from the detention hearing before the Magistrate Judge. With briefing complete, the Motion is ripe for adjudication.

## II.    Standard of Review

As set forth in 18 U.S.C. § 3145(b), a criminal defendant who has been ordered detained "by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense" may file "a motion for revocation or amendment of the order." When reviewing such a motion, the district court evaluates *de novo* the magistrate judge's decision to detain the criminal defendant. *United States v. Delker*, 757 F.2d 1390, 1394–95 (3d Cir. 1985). *De novo* review does not require an additional evidentiary hearing. *United States v. McCall*, No. CR 17-0341, 2018 WL 838968, at *1 (W.D. Pa. Feb. 13, 2018) (Schwab, J.). Rather, the district court may consider the transcript of the detention hearing before the magistrate judge and any additional evidence submitted as part of the motion. *See id.* (citing *United States v. Chagra*,

850 F. Supp. 354, 357 (W.D. Pa. 1994) (Diamond, J.)). In addition, when considering evidence presented at the detention hearing, the court is not bound by the "rules concerning admissibility of evidence in criminal trials." 18 U.S.C. § 3142(f).

When determining whether a criminal defendant should be detained, the court must consider the following four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person . . .
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*United States v. Accetturo*, 783 F.2d 382, 384 (3d Cir. 1986) (citing 18 U.S.C. § 3142(g)).

Where, as here, no rebuttable presumption of detention exists, the United States must prove by clear and convincing evidence that the defendant is a danger to the safety of any other person or the community. 18 U.S.C. § 3142(f). Section 3142(e)(1) requires the court to order detention when "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community."

## III. Discussion

First, the Court will consider the nature and circumstances of the offense. 18 U.S.C. § 3142(g). Mr. Everett is charged with possession of a firearm by a convicted felon. With respect to the circumstances of his offense, as noted at the evidentiary hearing, he possessed the firearm while on probation for another felony firearm offense, the firearm was recovered with Mr. Everett, and it was recovered with a 30-round extended magazine and a round in the chamber. Tr. 37:23–38:4; 38:12–14; 47:7–18. Magistrate Judge Kelly held that this factor favors detention. Tr. 47:13–18. This Court agrees.

Second, the Court will address the weight of the evidence against Mr. Everett. The Magistrate Judge found that the weight of evidence against Mr. Everett was "substantial" for a number of reasons, including that he was found with the firearm and admitted the firearm was his. Tr. 47:19–48:8. This Court agrees that the weight of the evidence against Mr. Everett is strong and that this factor favors detention.

Third, the Court will examine the history and characteristics of Mr. Everett. His physical and mental condition, family ties and lifelong Pittsburgh residence, together with the lack of information about drug and alcohol abuse, weigh in his favor, as the Magistrate Judge found. Tr. 48:15–49:17. But the Magistrate Judge concluded that Mr. Everett's criminal history was "very concerning" and weighed against him, in light of his two prior felony firearms convictions, other firearms charges, fleeing and eluding charges, as well as six bench warrants that had been issued against Mr. Everett, despite his young age of 21. Tr. 49:18–49:14. In addition, the Magistrate Judge found that Mr. Everett was on probation at the time of his current offense and had at least seven other instances of incurring new charges while on probation or parole, which weighed against him. Tr. 50:15–25. The Court agrees with the Magistrate Judge that Mr. Everett's history and characteristics favor detention.

Finally, the Court finds that Mr. Everett poses a serious danger to the community if released. Of particular concern to the Magistrate Judge, and to this Court, is Mr. Everett's criminal history and pattern of incurring new charges while on court supervision. Tr. 51:1-7. Thus, this last factor weighs in favor of detention.

For all of the foregoing reasons, the Court concludes, after weighing the requisite factors, that the United States has shown by clear and convincing evidence that "no condition or

4

combination of conditions will reasonably assure . . . the safety of any person and the community" if Mr. Everett is released on bond. 18 U.S.C. § 3142(e).

### IV.    Conclusion

For the foregoing reasons, Mr. Everett's Motion to Revoke Detention Order is hereby DENIED.

IT IS SO ORDERED.

DATED this 21st day of July, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record